DION N. COMINOS (SBN: 136522)
*dcominos@gordonrees.com*
AMY MACLEAR (SBN: 215638)
*amaclear@gordonrees.com*
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
CLIENT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GRAHAM TOEWS, | CASE NO. C08 02822 RMW |
| Plaintiff, | **DEFENDANT CLIENT SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| CLIENT SERVICES, INC., a Missouri corporation | |
| Defendant. | Complaint Filed: June 5, 2008 |

Defendant CLIENT SERVICES, INC. ("CSI" OR "Defendant") answers Plaintiff's Complaint as follows:

### I.   **INTRODUCTION**

1.     Defendant admits Plaintiff's action seeks statutory damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the FDCPA), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA").  At this time, Defendant is unable to admit or deny whether Plaintiff is an individual consumer pursuant to the FDCPA or the RFDCPA.  Defendant admits that the FDCPA and the RFDCPA prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  However, Defendant denies that it engaged in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Defendant admits that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Defendant admits that 28 U.S.C. §§ 2201 and 2202 provides for declaratory relief.

## III.  VENUE

4. Defendant admits that venue is proper in the above-captioned district court.

## IV.  INTRADISTRICT ASSIGNMENT

5. Defendant admits that assignment of the matter to the San Jose Division of the above-captioned district court is proper.

## V.  PARTIES

6. Defendant is unable to admit or deny information relating to Plaintiff Graham Toews, including whether he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) or a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Admit.

## VI.  FACTUAL ALLEGATIONS

8. Defendant is unable to admit or deny information related to the nature of the debt incurred by Plaintiff including its classification under wither the FDCPA or the RFDCPA.

9. Defendant admits that the debt incurred by Plaintiff was assigned to it for collection.

10. Defendant admits to sending the collection letter attached as Exhibit 1 to the Complaint but is unable to admit or deny at this time whether it qualifies as a "communication" pursuant to the FDCPA.

11. Admit.

12. Admit.

13. Defendant admits that Exhibit 1 was the first written notice regarding the debt that Defendant sent to Plaintiff.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    14.    Defendant admits that on June 11, 2007 it received the letter dated June 5, 2007
2 attached as Exhibit 2 to Plaintiff's complaint.
3    15.    Defendant admits that on June 11, 2007 it received the letter dated June 5, 2007
4 attached as Exhibit 2 to Plaintiff's complaint.
5    16.    Admit.
6    17.    Defendant admits it sent the letter attached as Exhibit 3 to the Complaint but is
7 unable to admit or deny whether the letter constitutes a "communication" under the FDCPA.
8    18.    Defendant admits it sent the letter attached as Exhibit 3 to the Complaint.
9    19.    Admit.
10   20.    Deny.  Defendant received the letter attached as Exhibit 2 to the Complaint on
11 June 11, 2007.
12   21.    Defendant is unable to admit or deny the authenticity of Plaintiff's Exhibit 4.
13   22.    Defendant admits it engaged in additional collection attempts following its
14 June 11, 2007 receipt of the correspondence attached as Exhibit 2.
15   23.    Defendant admits it sent the letter attached as Exhibit 5 to Plaintiff but is unable
16 to admit or deny whether it constitutes a communication under the FDCPA.
17   24.    Admit.
18   25.    Admit.
19   26.    Defendant admits it placed a call to Plaintiff on September 11, 2007 for which a
20 message was left for Plaintiff but has no record of the content of the call.
21   27.    Admit.
22   28.    Defendant admits it placed a call to Plaintiff on September 19, 2007 for which a
23 message was left Plaintiff but has no record of the content of the call.
24   29.    Deny.  Defendant has no record of any calls placed to Plaintiff on September 20,
25 2007.
26   30.    Defendant admits it placed a call to Plaintiff on October 16, 2007 for which a
27 message was left for Plaintiff but has no record of the content of the call.
28   31.    The allegation constitutes a legal conclusion, which requires no response.

-3-

DEFENDANT CLIENT SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT    CASE NO. C08 02822 RMW

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    32.    The allegation constitutes a legal conclusion, which requires no response.

2    33.    The allegation constitutes a legal conclusion, which requires no response.

3    34.    The allegation constitutes a legal conclusion, which requires no response.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

6    35.    Defendant admits that Plaintiff's first claim is brought pursuant to the FDCPA.

7    36.    No response by Defendant is required.

8    37.    At this time, Defendant is unable to admit or deny whether Plaintiff is a "consumer" as defined by the FDCPA.

10    38.    Admit.

11    39.    At this time, Defendant is unable to admit or deny whether the obligation incurred by Plaintiff is a "debt" as defined by the FDCPA.

13    40.    The allegation constitutes a legal conclusion, which requires no response.

14    41.    The allegation constitutes a legal conclusion, which requires no response.

15    42.    Deny.

16    43.    Deny.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18    44.    Defendant admits that Plaintiff's second claim is brought pursuant to the RFDCPA.

20    45.    No response by Defendant is required.

21    46.    At this time, Defendant is unable to admit or deny whether Plaintiff is a "consumer" as defined by the RFDCPA.

23    47.    Admit.

24    48.    At this time, Defendant is unable to admit or deny whether the obligation incurred by Plaintiff is a "debt" as defined by the RFDCPA.

26    49.    The allegation constitutes a legal conclusion, which requires no response.

27    50.    The allegation constitutes a legal conclusion, which requires no response.

28    51.    The allegation constitutes a legal conclusion, which requires no response.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  52. Deny.

2  53. Deny.

3  54. Deny.

4  55. Deny.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff take nothing by way of its Complaint, and the Defendant be dismissed with its costs of suit, along with such other and further relief as the court deems just and proper.

## AFFIRMATIVE DEFENSES

By way of separate and distinct affirmative defenses to the Complaint, Defendant alleges:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

The Complaint fails to set forth facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff failed to mitigate its damages, if any, and accordingly, is not entitled to the relief sought in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The action is barred by the appropriate Statutes of Limitation.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint is barred by the doctrine of unclean hands.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## SIXTH AFFIRMATIVE DEFENSE

**(Waiver & Estoppel)**

Plaintiff waived and is estopped and barred from alleging the matters set forth in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Consideration)**

The Complaint is barred by a failure and/or lack of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

**(Setoff)**

Assuming, arguendo, that any claims set forth in the Complaint give rise to damages, which claims and damages are denied by Defendant, such damages and claims would be subject to setoff based both on the acts and omissions of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

Any violations of Defendant (which are denied) are the result of bona fide error.

## TENTH AFFIRMATIVE DEFENSE

**(Right to Cure)**

Defendant has no liability to plaintiff because Defendant made the necessary adjustments and corrections to cure the alleged violations with respect to the debtor.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Bad Faith)**

Plaintiff's prosecution of the action is in bad faith.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges as an affirmative defense that it intends to rely upon such other defenses that may become legally available hereafter, or that become apparent during discovery proceedings in this case, and hereby reserves its right to amend its answer to assert such defenses.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

| | |
|---|---|
| Dated: July 17, 2008 | GORDON & REES LLP |
| | By: /s/ Amy Maclear |
| | AMY MACLEAR |
| | Attorneys for Defendant: |
| | CLIENT SERVICES, INC. |