Fred W. Schwinn (SBN 225575)
fred.schwinn@sjconsumerlaw.com
Jovanna R. Longo (SBN 251491)
jovanna.longo@sjconsumerlaw.com
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

Attorney for Plaintiff
GRAHAM TOEWS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| GRAHAM TOEWS,<br><br>                              Plaintiff,<br><br>v.<br><br>CLIENT SERVICES, INC., a Missouri Corporation,<br><br>                              Defendant. | Case No. C08-02822-RMW-HRL<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT, CLIENT SERVICES, INC.**<br><br>Date:         October 10, 2008<br>Time:        9:00 a.m.<br>Judge:       Honorable Ronald M. Whyte<br>Courtroom: 6, 4th Floor<br>Place:        280 South First Street<br>                San Jose, California |

TO: ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6 of the United States District Court located at 280 South First Street, San Jose, California, before the Honorable Ronald M. Whyte, United States District Judge, Plaintiff, GRAHAM TOEWS ("Movant"), will move the Court for an Order: 1) declaring that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11); 2) declaring that Defendant's collection activities violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c); 3) declaring that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§

-1-

1788.11(b) and 1788.17; 4) declaring that Defendant's collection activities violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17; 5) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 6) awarding Plaintiff statutory penalty in an amount not less than $100 and not exceeding $1,000 pursuant Cal. Civil Code § 1788.30(b); 7) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as incorporated by Cal. Civil Code § 1788.17; 8) awarding Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17;  and 9) awarding Plaintiff such other and further relief as may be just and proper.

This motion is made pursuant to Fed. R. Civ. P. 56 and Civil L.R. 7-2 on the grounds that there no material issues of fact in dispute concerning Defendant's liability, therefore, Movant is entitled to summary judgment as a matter of law.

This motion is based on this Notice, the Motion for Summary Judgment, the Memorandum of Points and Authorities in Support of Motion for Summary Judgment, the Declaration of Graham Toews in Support of Motion for Summary Judgment, and such other evidence, argument, and authorities which may be presented at or prior to the hearing before this Court on this Motion, and such other and further matters of which this Court may take judicial notice.

Please govern yourself accordingly.

CONSUMER LAW CENTER, INC.

Dated: September 4, 2008                    By: /s/ Fred W. Schwinn
                                                         Fred W. Schwinn, Esq.
                                                          Attorney for Plaintiff
                                                          GRAHAM TOEWS

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT          Case No.  C07-04403-JW-HRL

1  Fred W. Schwinn (SBN 225575)
   fred.schwinn@sjconsumerlaw.com
2  Jovanna R. Longo (SBN 251491)
   jovanna.longo@sjconsumerlaw.com
3  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
4  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
5  Facsimile Number: (408) 294-6190

6  Attorney for Plaintiff
   GRAHAM TOEWS

7

8
                  **IN THE UNITED STATES DISTRICT COURT**
9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                          **SAN JOSE DIVISION**
10

11  GRAHAM TOEWS,                          Case No.  C08-02822-RMW-HRL

12                      Plaintiff,         **MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN SUPPORT**
13  v.                                     **OF MOTION FOR SUMMARY
                                           JUDGMENT AGAINST**
14  CLIENT SERVICES, INC., a Missouri      **DEFENDANT, CLIENT SERVICES,**
    corporation,                           **INC.**
15
                        Defendant.         [Fed. R. Civ. P. 56 ]
16
                                           Date:        October 10, 2008
17                                         Time:        9:00 a.m.
                                           Judge:       Honorable Ronald M.
18                                                       Whyte
                                           Courtroom:   6, 4th Floor
19                                         Place:       280 South First Street
                                                        San Jose, California
20

21          COMES NOW the Plaintiff, GRAHAM TOEWS, by and through counsel Fred W. Schwinn

22  of the Consumer Law Center, Inc., and hereby submits his Memorandum of Points and Authorities

23  in Support of Motion for Summary Judgment filed herein.

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES              Case No.  C08-02822-RMW-HRL

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
TO ANALYZE VIOLATIONS OF THE FDCPA  . . . . . . . . . . . . . . . . . . . . . . 6

    B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS
SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED
CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.    DEFENDANT, CLIENT SERVICES, FAILED TO CEASE
COLLECTION ACTIVITY AGAINST PLAINTIFF AFTER
RECEIVING NOTIFICATION THAT HE REFUSED TO PAY THE
DEBT, IN VIOLATION OF 15 U.S.C. § 1692c(c) . . . . . . . . . . . . . . . . . 9

        2.    DEFENDANT, CLIENT SERVICES, FAILED TO DISCLOSE
DEFENDANT'S IDENTITY AND THE NATURE OF
DEFENDANT'S BUSINESS, IN VIOLATION OF 15 U.S.C. §
1692d(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        3.    DEFENDANT, CLIENT SERVICES, FAILED TO DISCLOSE
THAT THE COMMUNICATIONS WERE FROM A DEBT
COLLECTOR, IN VIOLATION OF 15 U.S.C. § 1692e(11) . . . . . . . . . 11

    C.    DEFENDANT HAS VIOLATED THE RFDCPA . . . . . . . . . . . . . . . . . . . . . . 12

        1.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.11(b) . . 12

        2.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.17 . . . . . 12

    D.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . 13

    E.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
CODE § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

F.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
      CODE § 1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

G.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE
      EXPRESSED THEIR INTENT THAT THE REMEDIES FOR
      VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE. . . . . . . 14

H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
      COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

1

**TABLE OF AUTHORITIES**

2

<u>CASES</u>

3

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . 15

4

*Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). . . . . . . . . . . . . . . . . . . . 15

5

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

6

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

8

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . 7, 8, 9

9

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 4

10

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). . . . . . . . . . . 5

12

*Chapman v. ACB Business Services*, Inc.,
1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

13

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

14

*De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 (D. Haw. January 4, 2004) . . . . . . . . 8

15

*Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16

*Edstrom v. A.S.A.P. Collection Services*,
2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

17

*EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18

*Emanuel v. American Credit Exchange*, 870 F.2d 805 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . 11

19

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20

*Hartman v. Meridian Financial Services, Inc.*,
191 F. Supp. 2d 1031 (W.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21

*Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005). . . . . 10, 11, 12

22

*Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

23

*Joseph v. J.J. Mac Intyre Companies, LLC*, 281 F. Supp. 2d 1156 (N.D. Cal. 2002). . . . . . 10, 12

24

*Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

26

27

28

*McCartney v. First City Bank*, 970 F.2d 45 (5ᵗʰ Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8ᵗʰ Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . 9

*Rieber v. Kovelman (In re Kovelman),*
1995 U.S. App. LEXIS 8487 (9ᵗʰ Cir. April 6, 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . . . 8, 13

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9ᵗʰ Cir. 1998) . . . . . . . . . . . . . . . . . . . 8

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2ⁿᵈ Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Sakuma v. First National Credit Bureau,*
1989 U.S. Dist. LEXIS 19120 (D. Haw. November 15, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Schneider v. TRW, Inc.,* 938 F.3d 986 (9ᵗʰ Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9ᵗʰ Cir. 1971). . . . . . . . . . . . . . . . 4

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 8

*Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9ᵗʰ Cir. 1988) . . . . . . . . . . . . . . . . 7

*Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5ᵗʰ Cir. 1997) . . . . . . . . . . . . 8, 9

*Terran v. Kaplan*, 109 F.3d 1428 (9ᵗʰ Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tolentino v. Friedman*, 46 F.3d 645 (7ᵗʰ Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 9

*Turner v. Cook*, 362 F.3d 1219 (9ᵗʰ Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,*
809 F.2d 626 (9ᵗʰ Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States. v. National Financial Services*, 98 F.3d 131 (4ᵗʰ Cir. 1996) . . . . . . . . . . . . . . . . 7

*United States v. Trans Continental Affiliates*,
1997 U.S. Dist. LEXIS 388 (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9ᵗʰ Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7ᵗʰ Cir. 1997) . . . . . . . . . . . . . . . . . 15

## **STATUTES**

15 U.S.C. § 1692a(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

15 U.S.C. § 1692c(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692d(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 1692k(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15 U.S.C. § 1692n . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Civil Code § 1788.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12

Cal. Civil Code § 1788.2(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civil Code § 1788.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal. Civil Code § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Civil Code § 1788.30(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Civil Code § 1788.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## **RULES**

Fed. R. Civ. P. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.  INTRODUCTION

This case was brought by GRAHAM TOEWS (hereinafter "Plaintiff") against a debt collection agency, CLIENT SERVICES, INC., (hereinafter "CLIENT SERVICES").  The Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA and RFDCPA.

This case arises out of several collection letters and answering machine messages that were received by Plaintiff from Defendant.  The alleged debt being collected was used for personal, family or household purposes.  Plaintiff alleges that Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a letter notifying Defendant of his refusal to pay the debt being collected.  Plaintiff also alleges that Defendant failed to disclose that communications were from a debt collector.

Plaintiff hereby moves for summary judgment on his claims for violation of 15 U.S.C. §§ 1692c(c), 1692d(6) and 1692e(11), and of Cal. Civil Code §§ 1788.11(b) and 1788.17.

## II.  PROCEDURAL HISTORY

On July 5, 2008, Plaintiff filed a Complaint in this action against Defendant.[1]  Thereafter, Defendant filed its Answer on July 17, 2008.[2]  On September 5, 2008, Plaintiff's Motion for Summary Judgment was filed herein.  This Memorandum of Points and Authorities is submitted in support thereof.

## III.  FACTS OF THE CASE

Plaintiff, GRAHAM TOEWS, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3),[3]

---

[1]  Doc. 1.

[2]  Doc. 4.

[3]  Declaration of Graham Toews in Support of Motion for Summary Judgment Against Defendant, Client Services, Inc. (hereinafter "Plaintiff's Declaration")  ¶¶ 3 and 4.

and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).[4]  Defendant, CLIENT SERVICES, is a Missouri corporation engaged in the business of collecting consumer debts.[5]  CLIENT SERVICES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).[6]

On a date or dates unknown to Plaintiff, Plaintiff allegedly incurred a financial obligation for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5),[7] and Cal. Civil Code § 1788.2(f).[8]  Sometime thereafter, the alleged debt was sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.[9]

On or about May 8, 2007, Defendant sent a collection letter to Plaintiff.[10]  This collection letter was Defendant's first written notice to Plaintiff in connection with collecting the alleged debt.[11]  Thereafter, on or about June 5, 2007, Plaintiff mailed a letter to Defendant which stated in relevant part: "please be advised that I dispute this debt and refuse to pay."[12]  Defendant received Plaintiff's letter disputing the alleged debt and refusing to pay the debt on or about June 9, 2007, and processed their receipt of the letter on or about June 11, 2007.[13]

After receiving Plaintiff's letter disputing the debt and refusing to pay, Defendant continued

---

[4]  Plaintiff's Declaration ¶¶ 3 and 4.

[5]  Complaint (Doc. 1) ¶ 7; Answer (Doc. 4) ¶ 7.

[6]  Complaint (Doc. 1) ¶¶ 7, 38 and 47; Answer (Doc. 4) ¶¶ 7, 38 and 47.

[7]  Plaintiff's Declaration ¶ 4.

[8]  Plaintiff's Declaration ¶ 4.

[9]  Complaint (Doc. 1) ¶ 9; Answer (Doc. 4) ¶ 9.

[10]  Complaint (Doc. 1) ¶¶ 10, 11, and 12; Answer (Doc. 4) ¶¶ 10, 11, and 12; Plaintiff's Declaration ¶ 5.

[11]  Complaint (Doc. 1) ¶ 13; Answer (Doc. 4) ¶ 13; Plaintiff's Declaration ¶ 6.

[12]  Complaint (Doc. 1) ¶ 20; Answer (Doc. 4) ¶ 20; Plaintiff's Declaration ¶ 8.

[13]  Complaint (Doc. 1) ¶ 18; Answer (Doc. 4) ¶ 18; Plaintiff's Declaration ¶¶ 13 and 14.

---

1    to communicate with Plaintiff in an attempt to collect the alleged debt.[14]  Defendant sent another

2    collection letter to Plaintiff, even though Plaintiff notified Defendant that he refused to pay the debt

3    being collected.[15]  This collection letter was sent on or about August 6, 2007.[16]  Defendant also

4    recorded several answering machine messages on Plaintiff's answering machine, as detailed below.

5            On June 7, 2007, Defendant recorded the following automated message on Plaintiff's

6    answering machine before receiving Plaintiff's June 5, 2007, refuse to pay letter:

7            Please return a call to 1-800-521-3236.  Thank you.[17]

8            On or about September 11, 2007, Defendant recorded the following message on Plaintiff's

9    answering machine after Defendant received Plaintiff's June 5, 2007, refuse to pay letter:

10           Uh, yea, Graham, this is, uh, Gregory Bird. B-I-R-D.  It's very important you call me
             as soon as you get this message.  1-800-521-3236.  1-800-521-3236.  This is one of

11           several messages I've left for you, Graham, it's very important that you acknowledge
             this call and contact me.[18]

12

13           On or about September 15, 2007, and again on October 16, 2007, Defendant recorded the

14    following message on Plaintiff's answering machine after receiving Plaintiff's June 5, 2007, refuse

15    to pay letter:

16           1-800-521-3236.  Thank you.[19]

17           On or about September 19 and 20, 2007, Defendant recorded the following message on

18    Plaintiff's answering machine after receiving Plaintiff's June 5, 2007, refuse to pay letter:

19           Hi, this message is for Graham Toews.  Graham, my name is April Lynn.  Um, I do
             need to get in touch with you as soon as possible about a personal business matter.

20

21           [14]  Complaint (Doc. 1) ¶ 22; Answer (Doc. 4) ¶ 22; Plaintiff's Declaration ¶ 15.

22           [15]  Complaint (Doc. 1) ¶¶ 23, 24, 25; Answer (Doc. 4) ¶¶ 23, 24, 25; Plaintiff's Declaration

23    ¶¶ 16 and 17.

24           [16]  Complaint (Doc. 1) ¶¶ 22, 24; Answer (Doc. 4) ¶¶ 22, 24; Plaintiff's Declaration ¶ 16.

25           [17]  Complaint (Doc. 1) ¶ 16; Answer (Doc. 4) ¶ 16; Plaintiff's Declaration ¶10.

26           [18]  Complaint (Doc. 1) ¶ 26; Answer (Doc. 4) ¶ 26; Plaintiff's Declaration ¶ 18.

27           [19]  Complaint (Doc. 1) ¶¶ 27 and 30; Answer (Doc. 4) ¶¶ 27 and 30; Plaintiff's Declaration

28    ¶¶ 19 and 22.

Uh, Graham, this is not a telemarketing call.  Um, my call back number is 1-800-521-3236 extension 3840.  Graham, I hope you have a wonderful evening.[20]

## IV.  STANDARD OF REVIEW

The standard of review for a motion for summary judgment is that the moving party is entitled to summary judgment when the evidence shows that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.[21]  The Court must determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[22]  "Only disputes over facts that might affect the outcome of the suit under governing law will . . . preclude summary judgment."[23]  When the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.[24]  In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a material issue of fact.[25]

The movant must carry this burden of "identifying those parts of the record that indicate the absence of a genuine issue of material fact."[26]  Once this burden is met, the non-movant is required to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

---

[20] <u>Complaint</u> (Doc. 1) ¶¶ 28 and 29; <u>Answer</u> (Doc. 4) ¶ 28; <u>Plaintiff's Declaration</u> ¶¶ 20 and 21.

[21] Fed. R. Civ. P. 56(c);  *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir. 1971).

[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, 212 (1986).

[23] *Id*. at 248.

[24] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

[25] *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

[26] *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

---

1   essential to the non-movant's claim.[27]  The non-movant must show more than "some metaphysical

2   doubt as to the material facts;"[28] he or she must "set forth specific facts showing that there is a

3   genuine issue for trial." [29]

4            The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

5   to the nonmoving party."[30]  However, the nonmoving party may not rely upon mere allegations or

6   denials contained in its pleadings or briefs, but must come forward with specific facts showing the

7   presence of a genuine issue for trial.[31]  As noted above, the requirement that a "genuine" issue of fact

8   must be present has been interpreted to mean that the evidence is such that a reasonable trier of fact

9   could return a verdict for the nonmoving party.[32]  Summary judgment is more than a "disfavored

10  procedural shortcut," it is an important procedure "designed to 'secure the just, speedy and

11  inexpensive determination of every action.' Fed. R. Civ. P. 1."[33]  One of the principal purposes of

12  the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and

13  the rule should be interpreted in a way that allows it to accomplish this purpose.[34]

14                              **V.  SUMMARY OF ARGUMENT**

15  A.      The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.

16  B.      Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous Violations

17          of the Act, as Seen from the Perspective of the "Least Sophisticated Consumer."

18  ───────────────

19       [27]  *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

20       [28]  *Matsushita Elec. Indus. Co.,* 475 U.S. at 586

21       [29]  Fed. R. Civ. P. 56(e).

22       [30]  *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
23  (9th Cir. 1987).

24       [31]  *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487 at *2 (9th Cir. April
25  6, 1995).

26       [32]  *Anderson*, 477 U.S. at 248

27       [33]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

28       [34]  *Id.*, at 323-324.

1. Defendant, Client Services, Failed to Cease Communicating with Plaintiff after Receiving Notification That He Refused to Pay the Debt, in Violation of 15 U.S.C. § 1692c(c).

2. Defendant, Client Services, Failed to Disclose Defendant's Identity and the Nature of Defendant's Business, in Violation of 15 U.S.C. § 1692d(6).

3. Defendant, Client Services, Failed to Disclose That the Communications Were from a Debt Collector, in Violation of 15 U.S.C. § 1692e(11).

C. Defendant Has Violated the RFDCPA.

1. Defendant Has Violated Cal. Civil Code § 1788.11(b)

2. Defendant Has Violated Cal. Civil Code § 1788.17

D. This Court Should Award Plaintiff the Maximum Statutory Damage Amount of $1,000 under the FDCPA.

E. Plaintiff Should Be Awarded $1,000 under Cal. Civil Code § 1788.30(b).

F. Plaintiff Should Be Awarded $1,000 under Cal. Civil Code § 1788.17.

G. Both Congress and the California Legislature Have Expressed Their Intent That the Remedies for Violations of the FDCPA and RFDCPA be cumulative.

H. Plaintiff Has a Statutory Right to Attorney's Fees and Costs.

## VI. STATEMENT OF QUESTIONS PRESENTED

Has Defendant violated the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act?  If so, what is the amount of statutory damages that should be awarded to Plaintiff?

## VII. ARGUMENT

### A. THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[35]  The statute is designed to protect consumers from unscrupulous collectors,

---

[35] 15 U.S.C. § 1692(e).

1    whether or not there is a valid debt.[36]  The FDCPA broadly prohibits unfair or unconscionable

2    collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

3    deceptive or misleading statements, in connection with the collection of a debt.[37]  The FDCPA also

4    requires the debt collector to provide the consumer with a notice of his or her validation rights.[38]

5        The United States Court of Appeals for the Ninth Circuit has held that whether a

6    communication or other conduct violates the FDCPA is to be determined by analyzing it from the

7    perspective of the "least sophisticated consumer."[39]  The "least sophisticated consumer" standard

8    is objective—not subjective.[40]  Courts determine whether the "least sophisticated consumer" would

9    be misled or deceived by the statements made in a collection letter as a matter of law.[41]

10       "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

11    protects all consumers, the gullible as well as the shrewd."[42]  "While protecting naive consumers,

12    the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

13    by preserving a quotient of reasonableness and presuming a basic level of understanding and

14    willingness to read with care."[43]

15       "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

16

17       [36]  *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

18       [37]  15 U.S.C. §§ 1692d, 1692e, and 1692f.

19       [38]  15 U.S.C. § 1692g.

20       [39]  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Wade v.
      Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

21

22       [40]  *Swanson*, 869 F.2d at 1227.

23       [41]  *Wade*, 87 F.3d at 1100; *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977); *Swanson*,
      896 F.2d at 1225-26.

24

25       [42]  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

26       [43]  *United States v. National Financial Services*, 98 F.3d 131, 136 (4th Cir. 1996) (citations
      omitted);  *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes
27    Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);
      *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th
28    Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

summary judgment for the plaintiff."[44]  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."[45]  Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA.[46]

It is important to note that by protecting consumers from abusive, deceptive and unfair collection practices, the FDCPA insures that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.[47]  Moreover, the FDCPA further insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable and civil manner.[48]

Accordingly, Plaintiff asserts that whether or not Defendant violated the FDCPA must be evaluated from the standpoint of the "least sophisticated consumer."

**B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER"**

To establish a violation of the FDCPA, Plaintiff need show that: (1) Plaintiff is a consumer, (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant collecting the "debt" is a "debt collector" as defined in the Act, and (4) Defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act.[49]  Plaintiff has pled

---

[44]  *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

[45]  *Russell*, 74 F.3d at 33;  *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

[46]  *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992);  *Baker*, 677 F.2d at 777.

[47]  15 U.S.C. § 1692(e).

[48]  *Baker*, 677 F.2d at 777.

[49]  *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004);  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998);  *De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 at *8 (D. HI January 4, 2004);  *United States v. Trans Continental Affiliates*, 1997 U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

---

and Defendant has admitted that Defendant, CLIENT SERVICES, is a "debt collector." Further, Plaintiff has submitted a declaration showing that he is a "consumer" and the debt which Defendant was attempting to collect is a "consumer debt." The remainder of this memorandum will show that the fourth and final element is also satisfied as a matter of law.

Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat a motion to dismiss and support summary judgment for a Plaintiff.[50] In light of this strict liability standard, a consumer need not show intentional conduct by the debt collector in order to be entitled to damages,[51] and there are no unimportant violations.[52] Further, no proof of deception or actual damages is required to obtain statutory remedies.[53]

**1.   DEFENDANT, CLIENT SERVICES, FAILED TO CEASE COMMUNICATING WITH PLAINTIFF AFTER RECEIVING NOTIFICATION THAT HE REFUSED TO PAY THE DEBT BEING COLLECTED, IN VIOLATION OF 15 U.S.C. § 1692c(c).**

15 U.S.C. § 1692c(c) states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . .

As stated above, Plaintiff notified Defendant, CLIENT SERVICES, that he refused to pay the debt being collected in a letter which Defendant received on or about June 9, 2007.[54] Thereafter,

---

[50] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation"); *See also Cacace*, 775 F. Supp. at 505; *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley*, 6 F.3d at 62.

[51] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997). *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

[52] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor*, 103 F.3d at 1234 (failure "to comply with any provision of the FDCPA" leads to liability).

[53] *Baker*, 677 F.2d at 780.

[54] Complaint (Doc. 1) ¶ 18; Answer (Doc. 4) ¶ 18; Plaintiff's Declaration ¶¶ 13 and 14.

1  CLIENT SERVICES continued to communicate with Plaintiff in an attempt to collect the alleged

2  debt, sending him another collection letter,[55] and placing at least five messages on Plaintiff's

3  answering machine.[56]    The letter and the answering machine messages where each a

4  "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2),[57]

5  and prohibited by 15 U.S.C. § 1692c(c).  Therefore, Defendant's collection conduct states a violation

6  of 15 U.S.C. § 1692c(c) and Plaintiff is entitled to summary judgment on this issue.

7        **2.**    **DEFENDANT, CLIENT SERVICES, FAILED TO DISCLOSE
   DEFENDANT'S IDENTITY AND THE NATURE OF DEFENDANT'S**
8        **BUSINESS, IN VIOLATION OF 15 U.S.C. § 1692d(6).**

9      15 U.S.C. § 1692d(6) provides:

10      A debt collector may not engage in any conduct the natural consequence of which
    is to harass, oppress, or abuse any person in connection with the collection of a debt.
11      Without limiting the general application of the foregoing, the following conduct is
    a violation of this section: . . . (6) Except as provided in section 15 U.S.C. § 1692b,
12      the placement of telephone calls without meaningful disclosure of the caller's
    identity.
13

14      This Court and the Federal District Court for the Central District of California have held that

15  it is a violation of 15 U.S.C. § 1692d(6) when a debt collector "fail(s) to disclose  [the debt

16  collector'] identity and the nature of [the debt collector's] business in the messages left on [a

17  consumer's] answering machine."[58]  Further, both Courts have found that 15 U.S.C. § 1692d(6)'s

18  meaningful disclosure requirement applies "equally to automated message calls and live calls."[59]

19

20  ────────────

21      [55]  Complaint (Doc. 1) ¶¶ 23, 24, 25; Answer (Doc. 4) ¶¶ 23, 24, 25; Plaintiff's Declaration
   ¶¶ 16 and 17.

22      [56]  Complaint (Doc. 1) ¶¶ 26, 27, 28, 29 and 30; Answer (Doc. 4) ¶¶ 26, 27, 28 and 29;
23  Plaintiff's Declaration ¶ 18, 19, 20, 21 and 22.

24      [57]  15 U.S.C. § 1692a(2) ("The term 'communication' means the conveying of information
   regarding a debt directly or indirectly to any person through any medium."), *Hosseinzadeh v. M.R.S.*
25  *Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005).

26      [58]  *Id.*, at 1112, citing, *Joseph v. J.J. Mac Intyre Companies, LLC*,  281 F. Supp. 2d 1156
27  (N.D. Cal. 2002).

28      [59]  *Hosseinzadeh*, 387 F. Supp. 2d at 1111,  citing, *Joseph*,  281 F. Supp. 2d at 1163.

────────────

1    As described above, Defendant failed to meaningfully disclose its name and the identity of

2  its business in each of the six messages recorded on Plaintiff's answering machine.[60]  Therefore,

3  each of these messages states a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

4  1692d(6).  As such, Plaintiff is entitled to summary judgment on this issue.

5      **3.    DEFENDANT, CLIENT SERVICES, FAILED TO DISCLOSE THAT THE
              COMMUNICATIONS WERE FROM A DEBT COLLECTOR, IN
6              VIOLATION OF 15 U.S.C. § 1692e(11).**

7    15 U.S.C. § 1692e(11) states:

8    A debt collector may not use any false, deceptive, or misleading representation or
     means in connection with the collection of any debt. Without limiting the general
9    application of the foregoing, the following conduct is a violation of this section:
                                                                · · ·
10

11   (11) The failure to disclose in the initial written communication with the consumer
     and, in addition, if the initial communication with the consumer is oral, in that initial
     oral communication, that the debt collector is attempting to collect a debt and that
12   any information obtained will be used for that purpose, and the failure to disclose in
     subsequent communications that the communication is from a debt collector, except
13   that this paragraph shall not apply to a formal pleading made in connection with a
     legal action.

14

15  The failure to disclose clearly in <u>all</u> communications made to collect a consumer debt or to obtain

16  information about a consumer, that "the communication if from a debt collector" constitutes a

17  violation of the Fair Debt Collection Practices Act.[61]

18    Answering machine messages are considered  "communications" within the meaning of the

19  Fair Debt Collection Practices Act.[62]  Therefore, Defendant, CLIENT SERVICES, has violated 15

20  U.S.C. § 1692e(11), by not providing the required disclosure in each of the 6 messages recorded on

21  Plaintiff's answering machine.[63]  As such, Plaintiff should be granted summary judgment on this

22  ─────────────

23    [60] <u>Complaint</u> (Doc. 1) ¶¶ 16, 26, 27, 28, 29 and 30; <u>Answer</u> (Doc. 4) ¶¶ 16, 26, 27, 28 and
     29; <u>Plaintiff's Declaration</u> ¶ 18, 19, 20, 21 and 22.

24
25    [61] 15 U.S.C. § 1692e(11);  *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2nd
     Cir. 1989);  *Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993).

26    [62] *Hosseinzadeh*, 387 F. Supp. 2d at 1116.

27    [63] <u>Complaint</u> (Doc. 1) ¶¶ 16, 26, 27, 28, 29 and 30; <u>Answer</u> (Doc. 4) ¶¶ 16, 26, 27, 28 and
28   29; <u>Plaintiff's Declaration</u> ¶ 18, 19, 20, 21 and 22.

─────────────

1    issue.

2    **C.    DEFENDANT HAS VIOLATED THE RFDCPA.**

3    In addition to the violations of the federal Fair Debt Collection Practices Act, Plaintiff also

4    alleges several violations of the California Rosenthal Fair Debt Collection Practices Act against

5    Defendant, CLIENT SERVICES, a debt collector within the meaning of Cal. Civil Code §

6    1788.2(c).[64]

7    **1.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.11(b)**

8    Cal. Civil Code § 1788.11(b) states:

9    No debt collector shall collect or attempt to collect a consumer debt by means of the
     following practices:

10                                                    . . .

11   (b) Placing telephone calls without disclosure of the caller's identity, provided that
     an employee of a licensed collection agency may identify himself by using his

12   registered alias name as long as he correctly identifies the agency he represents;

13   Cal. Civil Code § 1788.11(b) requires a debt collector to disclose that a call is from a debt

14   collector or on behalf of a creditor.[65]  The requirements of Cal. Civil Code § 1788.11(b) apply to

15   answering machine messages placed by debt collectors.[66]  Therefore, Defendant was required to

16   disclose that the messages recorded on Plaintiff's answering machine were from CLIENT

17   SERVICES, a debt collector.  By failing to do so in each of the six messages[67] Defendant placed on

18   Plaintiff's answering machine, Defendant violated the Rosenthal Fair Debt Collection Practices Act

19   six times.  Therefore, Summary judgment should be granted for Plaintiff on this issue.

20   **2.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.17**

21   Cal. Civil Code § 1788.17 provides as follows:

22   Notwithstanding any other provision of this title, every debt collector collecting or

23   _____

24   [64]  <u>Complaint</u> (Doc. 1) ¶¶ 7 and 38; <u>Answer</u> (Doc. 4) ¶¶ 7 and 38.

25   [65]  *Joseph*, 281 F. Supp. 2d at 1163.

26   [66]  *Hosseinzadeh*, 387 F. Supp. 2d at 1111-1112, *citing, Joseph*,  281 F. Supp. 2d at 1163.

27   [67]  <u>Complaint</u> (Doc. 1) ¶¶ 16, 26, 27, 28, 29 and 30; <u>Answer</u> (Doc. 4) ¶¶ 16, 26, 27, 28 and

28   29; <u>Plaintiff's Declaration</u> ¶ 18, 19, 20, 21 and 22.

1   attempting to collect a consumer debt shall comply with the provisions of Sections
2   1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
    of, Title 15 of the United States Code.

3       As explained above, CLIENT SERVICES, has violated 15 U.S.C. §§ 1692c(c), 1692d(6) and

4   1692e(11).  These violations of the FDCPA each state a separate violation of Cal. Civil Code §

5   1788.17, which requires compliance with the FDCPA.  Therefore, Plaintiff should be granted

6   summary judgment on this issue.

7   **D.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY
           DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA**
8

9       The maximum statutory damage award available under the Federal FDCPA is a modest

10  $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

11  less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[68] the court

12  awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

13  relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

14  was accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

15  *Friedman*,[69] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

16  only one provision of the FDCPA had been proven.  In that case, the debt collector had included a

17  disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a

18  subsequent notice.  The present case involves at least 8 violations of the federal FDCPA.  Thus, the

19  violations herein are more numerous and meaningful than in those cases, and therefore the Court

20  should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which

21  is $1,000.

22  **E.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE §
           1788.30(b).**
23

24      Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any

25  provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of

26

27  [68]  682 F. Supp. 174 (W.D.N.Y. 1988).

28  [69]  46 F.3d 645 (7th Cir. 1995).

1    a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty

2    in an amount not less than $100 nor greater than $1,000.  Cal. Civil Code § 1788.30(b).

3        In this case, CLIENT SERVICES has violated Cal. Civil Code §§ 1788.11(b) and 1788.17,

4    which are remedied by the statutory penalty provisions of Cal. Civil Code § 1788.30(b).  Thus, the

5    Plaintiff should be awarded the full $1,000 statutory award under Cal. Civil Code § 1788.30(b).

6    **F.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17.**

7        In this case, CLIENT SERVICES has violated Cal. Civil Code § 1788.17 which is remedied

8    by the statutory damages provisions of Cal. Civil Code § 1788.17, which incorporates by reference

9    the remedies of 15 U.S.C. § 1692k(a)(2)(A).  Thus, the Plaintiff should be awarded the full $1,000

10   statutory award under Cal. Civil Code § 1788.17.

11   **G.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED
12        THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND
          RFDCPA BE CUMULATIVE.**

13       Cal. Civil Code § 1788.32 states "The remedies provided herein are intended to be

14   cumulative and are in addition to any other procedures, rights, or remedies under any other provision

15   of law."  Thus, a violation of the federal statute can lead to damages under the federal FDCPA and

16   a violation of the California statute leads to damages under the RFDCPA.  Indeed, the FDCPA

17   expressly states:

18       [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the
         provisions of this subchapter from complying with the law of any State with respect
19       to debt collection practices, except to the extent that those laws are in consistent with
         any provision of this subchapter, and then only to the extent of the inconsistency.
20       15 U.S.C. § 1692n.

21       Moreover, courts both within and outside the Ninth Circuit, have allowed statutory damages

22   under both federal and state consumer protection statutes.[70]  Thus, the Court should not be reluctant

23   to assess the maximum possible statutory damages under both federal and state law.  As this Court

24   has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

25

26   _____

27       [70] *Sakuma v. First National Credit Bureau*, 1989 U.S. Dist. LEXIS 19120 (D. HI. November
     15, 1989);  *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004);  *Chapman v. ACB Business
28   Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

1 an expansion of the statutory damages available under the state law.[71]

2 Additionally, this Court has concluded that rather than drafting new language to the

3 RFDCPA, the legislature simply incorporated entire sections of the FDCPA by reference.[72] Indeed,

4 this Court stated "California simply incorporated by reference the text of certain federal provisions

5 into the CFDCPA, rather than copying them verbatim into the California code. Any resulting

6 liability, however, remains a state claim." *Id.* In a separate case, this Court went on to hold that a

7 violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17.[73] Thus, by

8 incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California

9 legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted

10 Cal. Civil Code § 1788.17.

11 **H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

12 Both the federal FDCPA and California RFDCPA direct the Court to award attorney's fees

13 to a prevailing consumer. 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c). A number of

14 cases decided under 15 U.S.C. § 1692k have held that an award of attorney fees and costs is required

15 if the plaintiff prevails.[74] The Court should award Plaintiff his reasonable attorney fees and costs

16 incurred in this matter.

17 / / /

18

19 [71] *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory
language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little
20 doubt as to the intent of the legislature to broaden the remedies for RFDCPA.)

21 [72] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

22 [73] *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
February 22, 2005).
23

24 [74] *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
25 amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,
26 Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
27 *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (awarding Plaintiffs' legal services attorneys
28 $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

# VIII.  CONCLUSION

For the reasons set forth above, Plaintiff, as a matter of law, is entitled to summary judgment: 1) declaring that Defendant's answering machine messages violated the Fair Debt Collection Practices Act,  15 U.S.C. §§ 1692d(6) and 1692e(11);  2) declaring that Defendant's collection activities violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c); 3) declaring that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17; 4) declaring that Defendant's collection activities violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17; 5) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 6) awarding Plaintiff statutory penalty in an amount not less than $100 and not exceeding $1,000 pursuant Cal. Civil Code § 1788.30(b); 7) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17, which incorporates the remedies of 15 U.S.C. § 1692k(a)(2)(A) by reference; 8) awarding Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17;  and 9) awarding Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
     Fred W. Schwinn, Esq.
     Attorney for Plaintiff
     GRAHAM TOEWS

1  Fred W. Schwinn (SBN 225575)
   fred.schwinn@sjconsumerlaw.com
2  Jovanna R. Longo (SBN 251491)
   jovanna.longo@sjconsumerlaw.com
3  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
4  San Jose, California 95113-2418
   Telephone Number: (408) 294-6100
5  Facsimile Number: (408) 294-6190

6  Attorney for Plaintiff
   GRAHAM TOEWS
7

8
                    **IN THE UNITED STATES DISTRICT COURT**
9                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                              **SAN JOSE DIVISION**
10

11  GRAHAM TOEWS,                          Case No.  C08-02822-RMW-HRL

12                       Plaintiff,        **DECLARATION OF GRAHAM
                                           TOEWS IN SUPPORT OF MOTION
13  v.                                     FOR SUMMARY JUDGMENT**

14  CLIENT SERVICES, INC., a Missouri      [Fed. R. Civ. P. 56 ]
    corporation,
15                                         Date:        October 10, 2008
                         Defendant.        Time:        9:00 a.m.
16                                         Judge:       Honorable Ronald M.
                                                        Whyte
17                                         Courtroom:   6, 4th Floor
                                           Place:       280 South First Street
18                                                      San Jose, California

19        I, Graham Toews, declare under penalty of perjury, under the laws of the United States, 28

20  U.S.C. § 1746, that the following statements are true:

21              1.      I am the Plaintiff in the above captioned case.

22              2.      I have personal knowledge of the following facts, and if called as a witness,

23  I could and would competently testify thereto.

24              3.      I am a natural person residing in Santa Clara County, California.  I have never

25  owned a business.

26              4.      On a date unknown to me, I allegedly incurred a financial obligation for

27  personal, family or household purposes, hereinafter referred to as the "alleged debt".

28              5.      Sometime thereafter, Defendant CLIENT SERVICES, INC., sent a collection

                                          -1-

1  letter dated May 8, 2007, to me in an attempt to collect the alleged debt.

2        6.      The May 8, 2007, collection letter was the first written notice that I received

3  from CLIENT SERVICES, INC., in connection with collecting the alleged debt.

4        7.      A true and accurate copy of the May 8, 2007, collection letter and the

5  envelope it was received in is attached hereto, marked Exhibit "1," and by this reference is

6  incorporated herein.

7        8.      Thereafter, on June 5, 2007, I mailed a letter to CLIENT SERVICES, INC.,

8  which stated: "please be advised that I dispute this debt and refuse to pay."

9        9.      A true and accurate copy of my June 5, 2007, letter disputing the debt and

10  refusing to pay the debt is attached hereto, marked Exhibit "2," and by this reference is incorporated

11  herein.

12        10.     On or about June 7, 2007, Defendant's employee recorded the following

13  message on the my answering machine:

14        Please return a call to 1-800-521-3236.  Thank you.

15        11.     Thereafter, Defendant sent a second collection letter to me dated June 8, 2007.

16        12.     A true and accurate copy of the second collection letter from Defendant is

17  attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

18        13.     Defendant received my letter disputing the alleged debt and refusing to pay

19  the alleged debt (Exhibit "2") on or about June 9, 2007.

20        14.     A true and accurate copy of the USPS Tracking Report and Certified Mail

21  Return Receipt evidencing Defendant's receipt of my letter disputing the alleged debt and refusing

22  to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "4," and by this reference

23  is incorporated herein.

24        15.     After receiving my letter notifying Defendant of my refusal to pay the alleged

25  debt (Exhibit "2"), Defendant continued its collection efforts against me.

26        16.     Defendant sent a third collection letter to me dated August 6, 2007.

27        17.     A true and accurate copy of the third collection letter from Defendant to me

28  is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

-2-

18.    On or about September 11, 2007, Defendant's employee recorded the following message on my answering machine:

> Uh, yeah, Graham, this is, uh, Gregory Bird. B-I-R-D. It's very important you call me as soon as you get this message. 1-800-521-3236. 1-800-521-3236. This is one of several messages I've left for you, Graham, it's very important that you acknowledge this call and contact me.

19.    On or about September 15, 2007, Defendant's employee recorded the following message on my answering machine:

> 1-800-521-3236. Thank you.

20.    On or about September 19, 2007, Defendant's employee recorded the following message on my answering machine:

> Hi, this message is for Graham Toews. Graham, my name is April Lynn. Um, I do need to get in touch with you as soon as possible about a personal business matter. Uh, Graham, this is not a telemarketing call. Um, my call back number is 1-800-521-3236 extension 3840. Graham, I hope you have a wonderful evening.

21.    On or about September 20, 2007, Defendant's employee recorded the following message on my answering machine:

> Hi, this message is for Graham Toews. Graham, my name is April Lynn. Um, I do need to get in touch with you as soon as possible about a personal business matter. Uh, Graham, this is not a telemarketing call. Um, my call back number is 1-800-521-3236 extension 3840. Graham, I hope you have a wonderful evening.

22.    On or about October 16, 2007, Defendant's employee recorded the following message on my answering machine:

> 1-800-521-3236. Thank you.

Executed at San Jose, California on September 4, 2008.


_____
Graham Toews

-3-

DECLARATION OF GRAHAM TOEWS                    Case No. C08-02822-RMW-HRL

**CLIENT SERVICES, INC.**
3451 HARRY TRUMAN BLVD
ST CHARLES, MO  63301-4047
636-947-2321 or 800-521-3236


05/08/2007


010868**105**025*****MIXED AADC 630             **REFERENCE NO.**
GRAHAM TOEWS                                         6781183
893 LENZEN AVE APT 202
SAN JOSE CA 95126-2745

|||..||..||...||.||.||.||..||.||..||.||.||.||.||..||.||.||


RE:FIRESTONE AT CFNA
BALANCE DUE:  $851.88

The above account has been placed with our firm for payment in full.

You may communicate with us in writing at the above address or by
calling us at our toll free number, **800-521-3236.**


GENE READ

This communication is from a professional debt collection agency.

This is an attempt to collect a debt.  Any information obtained will
be used for that purpose.  Unless you notify this office within 30
days after receiving this notice that you dispute the validity of
the debt or any portion thereof, this office will assume this debt
is valid.  If you notify this office in writing within 30 days from
receiving this notice, that the debt, or any portion thereof is
disputed, this office will obtain verification of the debt or obtain
a copy of a judgment and mail you a copy of such judgment or
verification.  If you request this office in writing within 30 days
after receiving this notice, this office will provide you with the
name and address of the original creditor, if different from the
current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the
Federal Fair Debt Collection Practice Act requires that, except
under unusual circumstances, collectors may not contact you before 8
a.m. or after 9 p.m. They may not harass you by using threats of
violence or arrest or by using obscene language. Collectors may not
use false or misleading statements or call you at work if they know
or have reason to know that you may not receive personal calls at
work. For the most part, collectors may not tell another person,
other than an attorney or spouse, about your debt. Collectors may
contact another person to confirm your location or enforce a
judgment. For more information about debt collection activities, you
may contact the Federal Trade Commission at 1-877-FTC-Help or
www.ftc.gov

809-CA1104

EXHIBIT
1



P.O. BOX 1586
ST. PETERS, MO 63376-0028
ADDRESS SERVICE REQUESTED



PERSONAL AND CONFIDENTIAL



## REFUSE TO PAY LETTER

_Client Services, Inc_
Collection Agency's Name

_3451 Harry Truman Bl_
Collection Agency's Address

_St Charles, MO 63301-4047_

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

_6/5/07_
Today's Date

_7005 3110 0000 4788 1496_
Tracking Number

Re:  Account No. _678/183_

Dear Sir or Madam:

I have enclosed a copy of the last collection letter that you sent to me.

In this regard, please be advised that I dispute this debt and refuse to pay.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

_[signature]_
Sign your name here

_Graham Toews_
Print your name here

_893 Lenzen Av #202_
Print your address here

_San Jose, CA 95126_



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.21 |

Postmark Here

06/06/2007

Sent To _Client Services, Inc_
Street, Apt. No.; or PO Box No. _3451 Harry Truman Bl_
City, State, ZIP+4 _St Charles, MO 63301-4047_

PS Form 3800, June 2002          See Reverse for Instructions

7005 3110 0000 4788 1496

EXHIBIT
2

**CLIENT SERVICES, INC.**
3451 HARRY TRUMAN BLVD
ST CHARLES, MO  63301-4047
636-947-2321 or 800-521-3236

05/08/2007

010868**105**025*****MIXED AADC 630
GRAHAM TOEWS
893 LENZEN AVE APT 202
SAN JOSE CA 95126-2745

Illhnlhlnllhlhlhllnnlhlhnlhlhlhlhlhlnlhlnlll

REFERENCE NO.

6781183

RE:FIRESTONE AT CFNA
BALANCE DUE:  $851.88

The above account has been placed with our firm for payment in full.

You may communicate with us in writing at the above address or by calling us at our toll free number, **800-521-3236**.

GENE READ

This communication is from a professional debt collection agency.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practice Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than an attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov

809-CA1104

# CLIENT SERVICES, INC.
3451 HARRY TRUMAN BLVD
ST CHARLES, MO  63301-4047
636-947-2321 or 800-521-3236


06/08/2007


013264**001**037*****MIXED AADC 630          **REFERENCE NO.**
GRAHAM TOEWS                                       6781183
893 LENZEN AVE APT 202
SAN JOSE CA 95126-2745

|||||||||||||||||||||||||||||||||||||||||||||||||


RE:FIRESTONE AT CFNA
BALANCE DUE:  $851.88




As stated in our previous correspondence, the above account was
assigned to us by your creditor for payment in full.

Either remit the balance due immediately or phone us to make
suitable arrangements. Our toll free number is 1-800-521-3236


Sincerely,



GREGORY BIRD


This communication is from a professional debt collection agency.
This is an attempt to collect a debt. Any information obtained
will be used for that purpose.




EXHIBIT
3

5011104





PERSONAL AND CONFIDENTIAL

P.O. BOX 1586
ST. PETERS, MO 63376-0028
ADDRESS SERVICE REQUESTED



 **UNITED STATES**
**POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7005 3110 0000 4788 1496**
Status: **Delivered**

Your item was delivered at 11:36 am on June 09, 2007 in SAINT
CHARLES, MO 63301. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]

( Go > )

---

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _[signature]_  ☐ Agent  ☐ Addressee <br> B. Received by *(Printed Name)*   C. Date of Delivery <br> _Octavia Nep_  6-9-07 |
| 1. Article Addressed to: <br><br> Client Service, Inc <br> 3451 Harry Truman Bl <br> St Charles, MO 63301- <br> 4047 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☐ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)*   7005 3110 0000 4788 1496 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |



EXHIBIT
4

573

# CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD.
ST. CHARLES, MO    63301
636-947-2321

08-06-07

REFERENCE NO.
6781183

GRAHAM TOEWS
893 LENZEN AVE
APT 202
SAN JOSE CA 95126

RE:  FIRESTONE AT CFNA
BALANCE DUE:  $851.88

The documents you requested for the above account are
enclosed.  Please remit balance due or contact us at
1-800-521-3236 to make suitable arrangements for
handling this obligation.

Sincerely,

GREGORY BIRD

This communication is from a professional debt collection agency.
This is an attempt to collect a debt.  Any information obtained
will be used for that purpose.

ENC



EXHIBIT
5

6781183-413

E06/26/07                    560819838                         PAGE 1

TEMP: DAWN BDR FOR JK NEED TKT

ACCT: 560819838    PRIV ID: 310859638    PL: E
        GRAHAM          TOEWS
        **JK 893 LENZEN AVE
        APT 202
        SAN JOSE        CA 95126-2732-99

DESIGN CD: WHEEL WORKS   CARD STAT: CFNA 022446 0327 CYCLE: 025   OPEN: 02/19/04

BALANCE:      $851.88
CHARGE OFF:   DT: 00/00/00 PLCD:      .00   RCVD:       .00

| TYPE | DATE | STORE | TICKET | AMOUNT | FC | INS/DP | P/A | P/D | BALANCE |
|------|------|-------|--------|--------|-----|--------|-----|-----|---------|
| STMT | 05/25/07 | | | | .00 | .00 | 34.00 | 323.00 | 851.88 |
| STMT | 04/25/07 | | | | 16.33 | .00 | 34.00 | 289.00 | 851.88 |
| STMT | 03/25/07 | | | | 15.65 | .00 | 66.00 | 223.00 | 835.55 |
| LPF | 03/25/07 | | | 33.00 | LATE PAYMENT FEE | | | | |
| STMT | 02/25/07 | | | | 14.97 | .00 | 64.00 | 159.00 | 786.90 |
| LPF | 02/25/07 | | | 33.00 | LATE PAYMENT FEE | | | | |
| STMT | 01/25/07 | | | | 15.82 | .00 | 63.00 | 96.00 | 738.93 |
| LPF | 01/25/07 | | | 33.00 | LATE PAYMENT FEE | | | | |
| CASH | 01/26/07 | 19003 | 211969 | 50.00- | | | | | |
| CASH | 01/11/07 | 19003 | 161743 | 50.00- | | | | | |
| STMT | 12/25/06 | | | | 15.47 | .00 | 65.00 | 131.00 | 790.11 |
| LPF | 12/25/06 | | | 33.00 | LATE PAYMENT FEE | | | | |
| CASH | 12/19/06 | 19003 | 275128 | 20.00- | | | | | |
| STMT | 11/25/06 | | | | 29.82 | .00 | 63.00 | 88.00 | 761.64 |
| LPF | 11/25/06 | | | 33.00 | LATE PAYMENT FEE | | | | |
| STMT | 10/25/06 | | | | .00 | .00 | 61.00 | 27.00 | 698.82 |
| LPF | 10/25/06 | | | 33.00 | LATE PAYMENT FEE | | | | |
| STMT | 09/25/06 | | | | .00 | .00 | 27.00 | .00 | 665.82 |
| 90DA | 09/21/06 | 240722 | 3434920 | 551.74 | WHEEL WORKS | | | | |
| CASH | 09/15/06 | 19003 | 104347 | 10.00- | | | | | |
| STMT | 08/25/06 | | | | .00 | .00 | 10.00 | .00 | 124.08 |

RECEIVED JUL 2 5 2007

# WHEEL WORKS

09/21/06  13:16:45
TRANSACTION #: IN34030731
Created From: 34033492
Created By: 017

*6/26 Attn: Dawn to pages*

TOEWS, GRAHAM
893 LENZEN AVE
SAN JOSE, CA  95126
HOME: 4082953874
WORK:     0
ACCOUNT #: 3249255

VEH: 86 NISSAN/DATSUN SENTRA
LICENSE: 3LJT358
MILEAGE: 182569
VIN/STOCK:
PO#:

*678 1183-413*

| QTY | STOCK NUMBER | DESCRIPTION | EACH | EXTENSION |
|---|---|---|---|---|
| 1 | COMMENTS | Invoice Comments | 0.00 | 0.00 |
| 1 | LEFT FRONT STRU | BOTTOMS OUT FRONT STRUT | 0.00 | 0.00 |
| 1 | DONE HERE LAST | YEAR | 0.00 | 0.00 |
| 1 | RECOMMEND BO | INNER TIERODS | 0.00 | 0.00 |
| 1 | RECOMMEND FRO | ENGINE MOUNT | 0.00 | 0.00 |
| 0 | The following p | arts and/or labor were | 0.00 | 0.00 |
| 0 | installed/perfo | rmed for the following re | 0.00 | 0.00 |
| 0 | PREVENTIVE | MAINTENANCE | 0.00 | 0.00 |
| 0 | y | | 0.00 | 0.00 |
| 1 | APART | ANTIFREEZE | 20.00 | 20.00 |
| 1 | L3999 | CHECK L/F STRUT FOR PROB | 0.00 | 0.00 |
| 1 | L3999 | DRAIN & FILL RADIATOR | 59.89 | 59.89 |
| 1 | APART | L/F LOWER B-JOINT 505 116 | 98.95 | 98.95 |
| 1 | APART | R/F LOWER B-JOINT 1165 | 98.95 | 98.95 |
| 3 | L3999 | R & R FRNT LOWER BALLJOIN | 95.00 | 285.00 |
| 0 | y | | 0.00 | 0.00 |
| 0 | Customer In | itials: | 0.00 | 0.00 |
| -1 | DISC-CFNA-TAX | CFNA Instant Savings-Taxe | 10.90 | -10.90 |
| -1 | DISC-CFNA-NOTA | CFNA Instant Savings-NoTa | 17.24 | -17.24 |
| 0 | TOTAL SAVED | CFNA Instant Savings | 28.14 | 0.00 |
| 0 | Applies only if | paid using BF card | 0.00 | 0.00 |
| 1 | TORQUE WHEELS | 87 lb-ft | 0.00 | 0.00 |
| 1 | CHK WHL TORQUE | 87 lb-ft | 0.00 | 0.00 |
| 1 | TIRE PRESSURE | Front 32/Rear 32 psi | 0.00 | 0.00 |

**RECEIVED JUL 2 5 2007**

|  |  | Total : | 551.74 |
|---|---|---|---|
| CASH : | 0.00 | CHECK : | 0.00 | CREDIT CARD : | 551.74 |
| CHARGE : | 0.00 | COUPON : | 0.00 | DEPOSIT APPLIED : | 0.00 |

Page 1

678 1183-413

#0731

WHEEL WORKS/TIRES PLUS
1833 THE ALAMEDA
SAN JOSE CA 95126
(408) 971-9900

7:14 PM 09/21/06

PL 589489560019838

TICKET# 343492 PAYMENT TYPE 9

SALE TERM# 0001

REF# 804 AP#09051

AMOUNT    $551.74

I AGREE TO COMPLY WITH
THE CARDHOLDER AGREEMENT
SIGNATURE
X
TOP-MER/BOTTOM-CUSTOMER

RECEIVED JUL 2 5 2007

# WHEEL WORKS

033 THE ALAMEDA
SAN JOSE, CA 95126

EPA# CAL 000824844
CAL 000824844

**Invoice**
09/21/2006  19:13 017
TRANSACTION #: IN3409O731
**Original**
Created From #: 34033492

6781 183-913

TOEWS, GRAHAM
893 LENZEN AVE
SAN JOSE, CA 95126
H: (408)295-3874  W:(   )   -  0
ACCOUNT# 3249235

VEH# 86 NISSAN/DATSUN SENTRA
LICENSE: 3LJT358
MILEAGE: 188569
VIN/STOCK:
PO#:

| QTY | STOCK NUMBER | DESCRIPTION | PARTS | LABOR/OTHER | EXTENSION |
|---|---|---|---|---|---|
| 1.0 | COMMENTS | Invoice Comments | | | |
| 1.0 | LEFT FRONT STRUT | BOTTOMS OUT FRONT STRUTS | | | |
| 1.0 | DONE HERE LAST YEAR | | | | |
| 1.0 | RECOMMEND BOTH | INNER TIERODS | | | |
| 1.0 | RECOMMEND | FRONT ENGINE MOUNT | | | |
| | | The following parts and/or labor were installed/performed for the following re PREVENTIVE MAINTENANCE | | | |
| 1.0 | APART | ANTIFREEZE | 20.00 | | 20.00 |
| 1.0 | L3999 | CHECK L/F STRUT FOR PROB | | 59.89 | 59.89 |
| 1.0 | APART | DRAIN & FILL RADIATOR | 98.95 | | 98.95 |
| 1.0 | APART | L/F LOWER B-JOINT 505 116 | 98.95 | | 98.95 |
| 3.0 | L3999 | R/F LOWER B-JOINT 1165 | | 95.00 | 285.00 |
| | | R & R FRNT LOWER BALLJOIN | | | |
| | | Customer Initials: | | | |
| -1.0 | DISC-CFNA-TAX | CFNA Instant Savings-Taxe | | 10.90 | -10.90 |
| -1.0 | DISC-CFNA-NOTAX | CFNA Instant Savings-NoTa | | 17.24 | -17.24 |
| | TOTAL SAVED | CFNA Instant Savings     D03 | | 28.14 | |
| | | Applies only if paid using BF card     D03 | | | |
| 1.0 | TORQUE WHEELS | 87 lb-ft | | | |
| 1.0 | OK WHL TORQUE | 87 lb-ft | | | |
| 1.0 | TIRE PRESSURE | Front 32/Rear 32 psi | | | |

**CAUTION:** If your car has aftermarket alloy, mag or aluminum wheels, you must re-check the lug nuts on each wheel after 20 miles.

By signing below, I acknowledge this is notice that I must re-check all the vehicle's lug nuts after 20 miles and the importance of re-checking the lug nuts.

RECEIVED JUL 2 5 2007

Total Parts 217.70 Labor 316.75

| | | TOTAL PARTS AND LABOR | |
|---|---|---|---|
| | ORIGINAL ESTIMATE | SALES TAX | 534.66 |
| | REVISED ESTIMATE | TRANSACTION TOTAL | 17.08 |
| | AUTHORIZED | FINAL INVOICE | 551.74 |

# WHEEL WORKS

1033 THE ALAMEDA
SAN JOSE, CA 95126

BAR: AFB16656
PHONE: (408)971-9900

EPA: CAL 000224844

Work Order due 0/00 12:00a
09/21/2006 16:15
TRANSACTION #: WO34033492
**Reprint**
Created From #:    34031694

TOEWS, GRAHAM
893 LENZEN AVE
SAN JOSE, CA 95126
H:(408)295-3874  Wr( )   - 0
ACCOUNT# 3249255

VEH: 86 NISSAN/DATSUN SENTRA
LICENSE: 3LJT358
MILEAGE: 188569
VIN/STOCK:
PO#:

YOU SHOULD KNOW...  As a Wheel Works customer, you have a choice of whether or not any work will be performed on your vehicle. It is important to us that we provide the necessary information so that you are able to make informed decisions. Therefore, we have itemized the parts and services by the following categories.

| IMMEDIATE ATTENTION | PREVENTIVE MAINTENANCE | IMPROVED PERFORMANCE |
|---|---|---|
| You may need these items due to:<br>• Component no longer performs intended purpose<br>• Component does not meet a design specification (regardless of explanation)<br>• Component is unsafe | These are optional items:<br>• Comply with maintenance recommendations by the vehicle's original equipment manufacturer (OEM)<br>• Comply with recommendations by the manufacturer<br>• Component is close to the end of its useful life (but above the discard specification, or wear, etc.) | These are optional items:<br>• Address a customer request of convenience (colder ride, enhance performance, eliminate noise, etc.<br>• Although many aftermarket manufacturers claim improved performance over the original equipment manufacturer, we can only say what has been tested, and cannot confirm over claims of enhancements. |

| QTY | STOCK NUMBER | DESCRIPTION | PARTS | LABOR/OTHER | EXTENSION |
|---|---|---|---|---|---|
| 1. | COMMENTS | Invoice Comments | | | |
| 1. | CLEFT FRONT STRUT | BOTTOMS OUT FRONT STRUTS | | | |
| 1. | CDONE HERE LAST YEAR | | | | |
| | | The following parts and/or labor are<br>recommended for the following reason:<br>PREVENTIVE MAINTENANCE | | | |
| 1. | CAPART | ANTIFREEZE | 20.00 | | 20.00 |
| 1. | CL3999 | CHECK L/F STRUT FOR PROB | | | |
| 1. | CL3999 | DRAIN & FILL RADIATOR | | 59.89 | 59.89 |
| 1. | CAPART | L/F LOWER B-JOINT #3186 | 98.99 | | 98.99 |
| 1. | CAPART | R/F LOWER B-JOINT #3186 | 98.99 | | 98.99 |
| 3. | CL3999 | R & R FRNT LOWER BALLJOIN | | 95.00 | 285.00 |

Customer Initials: _____

Wheel Torque _____ Ft/Lbs

Tech. # ___ Signature ___

Check Wheel Torque _____ Ft/Lbs

Tech. # ___ Signature ___

Sales # ___ Signature ___

Air Pressure  Front __32__ PSI  Rear __32__ PSI

Tech. # ___ Signature ___

RECEIVED JUL 25 2007

A B C D   O O   W I
          O O   B O

Total Parts 817.98 Labor 544.87    Charge =

| ORIGINAL ESTIMATE | REVISED ESTIMATE | | TOTAL PARTS AND LABOR | |
|---|---|---|---|---|
| ORIGINAL ESTIMATE<br>81.54 | ADDITIONAL COSTS<br>499.31 | SALES TAX | | 542.87 |
| REVISED ESTIMATE<br>580.85 | REASON<br>Front lower B Joints | | | 17.98 |
| AUTHORIZED BY<br>Graham | IN PERSON ☑ PHONE ☐ | FINAL INVOICE | | 800.85 |
| DATE<br>7/16/06 | TIME<br>42 | A | CALLED BY<br>A | PHONE NO.<br>408-295-3874 |

1033 THE ALAMEDA
SAN JOSE, CA 95126

BAR:  AF216656
PHONE: (408)971-9300

EPA: CAL 000224844

# WHEEL WORKS

Service Estimate
09/21/2006 16:02 017
TRANSACTION #: SE34005668
**Original**
Created from #: 34033492

TOEWS, GRAHAM
893 LENZEN AVE
SAN JOSE, CA 95126
H:(408)295-3874 W:( )  - 0
ACCOUNT# 3249255

VEH: 86 NISSAN/DATSUN SENTRA
LICENSE: 3LJT358
MILEAGE: 182569
VIN/STOCK:
PO#:

**YOU SHOULD KNOW...** As a Wheel Works customer, you have a choice of whether or not any work will be performed on your vehicle. It is important to us that we provide the necessary information so that you are able to make informed decisions. Therefore, we have itemized the parts and services by the following categories.

| IMMEDIATE ATTENTION | PREVENTIVE MAINTENANCE | IMPROVED PERFORMANCE |
|---|---|---|

| QTY | STOCK NUMBER | DESCRIPTION | PARTS | LABOR/OTHER | EXTENSION |
|---|---|---|---|---|---|
| | | The following parts and/or labor are recommended for the following reason: PREVENTIVE MAINTENANCE | | | |
| 3.0 | L3999 | R & R FRNT LOWER BALLJOIN | | 95.00 | 285.00 |
| 1.0 | APART | L/F LOWER BALL JOINT | 98.99 | | 98.99 |
| 1.0 | APART | R/F LOWER BALL JOINT | 98.99 | | 98.99 |
| | | Customer Initials: _____ | | | |

**RECEIVED JUL 2 5 2007**

| | | Total Parts 197.98 Labor 285.00 | Charge - | | |

A B C D   W I B O   DATE OLD TIRES

| ORIGINAL ESTIMATE | REVISED ESTIMATE | TOTAL PARTS AND LABOR | |
|---|---|---|---|
| | ORIGINAL ESTIMATE 91.54 | ADDITIONAL COSTS 477.31 | SALES TAX 16.33 |
| | REVISED ESTIMATE 580.85 | REASON: Front Lower R-Join | TRANSACTION TOTAL |
| | AUTHORIZED BY: Graham | | FINAL INVOICE 577.31 |
| | DATE 12/06 TIME 430 | CALLED BY fa IN PERSON ☐ PHONE ☐ PHONE NO. 408 295 3874 | |

# WHEEL WORKS

1033 THE ALAMEDA
SAN JOSE, CA 95126

BAR: AF216656
PHONE: (408) 977-9200

EPA: CAL 000224844

Work Order due 0/00 12:00a
09/21/2006 13:16
TRANSACTION #: WO34033492
**Original**

Created From #: 34031694

TOEWS, GRAHAM
893 LENZEN AVE
SAN JOSE, CA 95126
H: (408)295-3974  W: (   )   -  0
ACCOUNT# 3249255

VEH: 86 NISSAN/DATSUN SENTRA
LICENSE: 3Z1T35B
MILEAGE: 182569
VIN/STOCK:
PO#:

YOU SHOULD KNOW...  As a Wheel Works customer, you have a choice of whether or not any work will be performed on your vehicle. It is important to us that we provide the necessary information so that you are able to make informed decisions. Therefore, we have itemized the parts and services by the following categories.

| | IMMEDIATE ATTENTION | PREVENTIVE MAINTENANCE | IMPROVED PERFORMANCE |
|---|---|---|---|

| QTY | STOCK NUMBER | DESCRIPTION | PARTS | LABOR/OTHER | EXTENSION |
|---|---|---|---|---|---|
| 1. | CL3999 | CHECK L/F STRUT FOR PROB | | | |
| 1. | COMMENTS | Invoice Comments | | | |
| 1. | CLEFT FRONT STRUT | BOTTOMS OUT | | | |
| 1. | CFRONT STRUTS DONE | HERE LAST YEAR | | | |
| 1. | CL3999 | DRAIN & FILL RADIATOR | | 59.89 | 59.89 |
| 1. | CAPART | ANTIFREEZE | 20.00 | | 20.00 |

Wheel Torque_____Ft/Lbs

Tech. #_____  Signature_____

Check Wheel Torque_____Ft/Lbs

Tech. #_____  Signature_____

Sales #_____  Signature_____

Air Pressure Front_____PSI    Rear_____PSI

Tech. #_____  Signature_____

*Call*

*Both inner tie rods worn*
*+*
*lower motor mount front worn*
*+*
*Both lower ball joint worn*

Total Parts  20.00 Labor  59.89
Charge: If your car has airbag deployed...

ORIGINAL ESTIMATE

REVISED ESTIMATE

ORIGINAL ESTIMATE | ADDITIONAL COSTS

REVISED ESTIMATE | REASON:

AUTHORIZED
BY                IN PERSON ☐  PHONED ☐
DATE    TIME    CALLED BY    PHONE NO.

TOTAL PARTS AND LABOR    79.89
SALES TAX    1.65

TRANSACTION TOTAL

FINAL INVOICE 81.54

RECEIVED JUL 2 5 2007

P.O. BOX 1586
ST. PETERS, MO 63376-0028
ADDRESS SERVICE REQUESTED

PERSONAL AND CONFIDENTIAL